JONES, Justice
(concurring specially).
I concur in the denial of the petition for writ of certiorari. I agree with the Court of Civil Appeals that misrepresentation with respect to the employer’s promise to pay medical expenses cannot serve as a basis for tolling the statute of limitations on the claim for workmen’s compensation benefits. I concur specially to observe that the result would be different if the employee were claiming accrued, unpaid medical expenses; and this for the reason that the Workmen’s Compensation Act no longer contains a statute of limitations applicable to claims for accrued medical expenses resulting from an on-the-job injury. From the time of the passage of the Workmen’s Compensation Act in 1919 until 1949, the definition of “compensation” included medical expenses. The 1949 amendment removed medical expenses from the definition of compensation.
Before the 1949 amendment, the one-year statute of limitations governing claims for compensation applied, by definition, to claims for weekly payment of compensation as well as to claims for accrued medical expenses. The 1949 amendment, excluding medical expenses, was not accompanied by a further amendment supplying a statute of limitations applicable to claims for medical expenses. Thus, the present act does not contain a statute of limitations applicable to claims for accrued medical expenses. See J. Sizemore, “The ‘Lost’ Statute of Limitations — Claims for Medical Benefits Under the Alabama Workmen’s Compensation Act,” 42 Ala.Lawyer 273 (1983).